Stephen W. Rupp, #2824
Brian J. Porter, #14291
**McKay, Burton, & Thurman, P.C.**
Gateway Tower West
15 West South Temple, Suite 1000
Salt Lake City, Utah 84101
Telephone: (801) 521-4135
Facsimile: (801) 521-4252
E-mail: srupp@mbt-law.com
E-mail: bporter@mbt-law.com
*Attorneys for Plaintiff Stephen W. Rupp, as Trustee of*
*the Chapter 7 Bankruptcy Estate of Amanda D. Montes*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>AMANDA D. MONTES<br><br>  Debtor | Bankruptcy Case 21-21074 (Chapter 7) |
| STEPHEN W. RUPP, Trustee of the Chapter 7 estate of Amanda D. Montes,<br><br>  Plaintiff,<br>vs.<br><br>AMANDA D. MONTES<br><br>  Defendant. | Adversary Proceeding No.<br><br>Judge R. Kimball Mosier<br><br>**FILED ELECTRONICALLY** |

**COMPLAINT**

Plaintiff Stephen W. Rupp, as trustee of the Chapter 7 bankruptcy estate of Amanda D. Montes (the "**Defendant"**) in bankruptcy case 21-21074 hereby complains and alleges against the Defendant as follows:

## PARTIES

1. Plaintiff Stephen W. Rupp (the "Plaintiff") is the duly appointed, qualified, and acting trustee of the Chapter 7 bankruptcy estate of Amanda D. Montes in bankruptcy case 21-21074 (the "**Bankruptcy Case**") and pursuant to 11 U.S.C. §323 is the representative of the Defendant's bankruptcy estate and has the capacity to sue.

2. The Defendant is an individual residing in the state of Utah.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, and by General Order of Reference (DUCivR 83-7.1) from the United States District Court for the District of Utah.

4. This is a core proceeding as defined by 28 U.S.C. §157(b)(2) and arises under Title 11 of the United States Code (the "Bankruptcy Code") and relates to the Bankruptcy Case.

5. Venue for this adversary proceeding is proper in the Central Division of the United States District Court for the District of Utah in accordance with 28 U.S.C. §1409.

## GENERAL ALLEGATIONS

6. The Defendant filed a chapter 7 bankruptcy petition on March 22, 2021 ("Petition Date").

7. On or about March 22, 2021, the Plaintiff was appointed as the Chapter 7 Trustee of the Bankruptcy Case.

8. The Defendant's First Meeting of Creditors ("341 Meeting") was held on May 4, 2021.

9. At the 341 Meeting, the Plaintiff directed the Defendant to provide the Plaintiff with information and documents.

10. Amongst other requests, the Plaintiff requested that the Defendant produce a copy of the Defendant's filed personal and business tax returns for 2018, 2019 and 2020, copies of all business account statements for the months of February, March, and April 2021, and an itemized list of all business equipment, including vehicles ("Requested Documents").

11. Additionally, the Plaintiff requested turnover of the estate's portion of any refunds for tax years 2018, 2019 and 2020.

12. The requests for turnover and production made by the Plaintiff at the 341 Meeting as outlined herein are collectively referred to as "the Directive".

13. The Defendant understood the Directive that was given at the 341 Meeting.

14. On May 19, 2021, the Plaintiff memorialized this Directive in writing and followed up on the outstanding Directive several times thereafter. *See* Bankruptcy Case, ECF Docket No. 15, Exhibit "A".

15. The Defendant produced a copy of her 2018, 2019, and 2020 personal tax returns, but has not otherwise complied with the Directive.

16. Upon review, it appears that the Defendant received her entire 2020 tax refund after filing the Bankruptcy Case, and as such, the estate's portion of the Defendant's 2020 federal and state tax refund is $5,670.00 ("2020 Tax Refund").

17. The Defendant has not turned over her 2020 Tax Refund to the Plaintiff.

18. On July 6, 2021, the Plaintiff filed a *Motion to Extend Deadline for Filing Complaints Concerning the Debtor's Discharge and Motion for Turnover Order* in the Bankruptcy Case. *See* Bankruptcy Case, Docket No. 12.

19. On August 4, 2021, the Court entered an Order extending the deadline to file complaint's as to the Plaintiff only until October 6, 2021, as well as ordering the Defendant to comply with the Directive, or file a declaration explaining why the Directive is not fulfilled, no later than September 16, 2021. *See* Bankruptcy Case, Docket No. 15 (the "Turnover Order").

20. The Defendant has not complied with the Directive, or otherwise responded to the Plaintiff's requests.

21. The Defendant has not complied with the Turnover Order.

22. The Defendant has ceased cooperation with the Plaintiff.

## FIRST CAUSE OF ACTION
*U.S.C. § 727(a)(2)(B)*

23. Pursuant to Federal Rule of Civil Procedure 10(c), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7010, the Plaintiff incorporates by this reference paragraph one (1) through twenty-two (22) of this Complaint as if fully set forth herein.

24. The Defendant acquired property that is property of her bankruptcy estate after the Petition Date, namely her 2020 Tax Refund, and knowingly and fraudulently failed to deliver or surrender her 2019 Tax Refund to the Plaintiff.

25. Therefore, the Defendant's discharge should be denied with prejudice pursuant to 11 U.S.C. §727(a)(2)(B).

## SECOND CAUSE OF ACTION
*U.S.C. § 727(a)(4)(D)*

26. Pursuant to Federal Rule of Civil Procedure 10(c), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7010, the Plaintiff incorporates by this reference paragraphs one (1) through twenty-five (25) of this Complaint as if fully set forth herein.

27. The Defendant has withheld from the Plaintiff books, documents, records and papers related to her property and financial affairs by failing to produce the 2018, 2019 and 2020 business tax returns, business account statements for the months of February, March, and April 2021, itemization of all business equipment and vehicles, as outlined above in the Plaintiff's Directive to the Defendant.

28. Because the Defendant has failed to turnover these books, documents, records and papers, and because they items relate to her property and financial affairs, the Defendant's discharge should be denied with prejudice under 11 U.S.C. § 727(a)(4)(D).

## THIRD CAUSE OF ACTION
*U.S.C. § 727(a)(6)(A)*

29. Pursuant to Federal Rule of Civil Procedure 10(c), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7010, the Plaintiff incorporates by this reference paragraphs one (1) through twenty-eight (28) of this Complaint as if fully set forth herein.

30. The Defendant, in the Bankruptcy Case, has refused to obey an order of the Court, namely the Turnover Order.

31. The Turnover Order is a lawful order of the Court, and is not an order to respond to a material question or testify.

32. Because the Defendant has refused to obey the Turnover Order, the Defendant's discharge should be denied with prejudice under 11 U.S.C. § 727(a)(6)(A).

## **MONEY JUDGEMENT**

33. Pursuant to Federal Rule of Civil Procedure 10(c), as made applicable in adversary proceedings by Federal Rule of Bankruptcy Procedure 7010, the Plaintiff incorporates by this reference paragraphs one (1) through thirty-two (32) of this Complaint as if fully set forth herein.

34. The Defendant has improperly retained or consumed property of the bankruptcy estate, namely the 2020 Tax Refund in an amount of no less than $5,670.00, plus any further amounts to be proven at trial.

35. The Plaintiff is entitled to a money judgement against the Defendant in an amount of no less than $5,670.00, plus further amounts as may be proven at trial.

36. Therefore, a money judgement should be entered against the Defendant in an amount to be proven at trial.

## **CLAIMS FOR RELIEF**

**WHEREFORE**, based on the foregoing, the Plaintiff requests relief and remedy against the Defendant as follows:

  A. On the first cause of action, an appropriate judgment or order denying the Defendant a discharge in the Bankruptcy Case pursuant to 11 U.S.C. §727(a)(2)(B);

  B. On the second cause of action, an appropriate judgment or order denying the Defendant a discharge in the Bankruptcy Case pursuant to 11 U.S.C. § 727(a)(4)(D);

  C. On the third cause of action, an appropriate judgment or order denying the Defendant a discharge in the Bankruptcy Case pursuant to 11 U.S.C. § 727(a)(6)(A);

  D. A money judgment in an amount of no less than $5,670.00, plus further amounts as may be proven at trial; and

  E. Such other relief and remedy as deemed appropriate by the Court.

DATED this 6th day of October, 2021

**MCKAY, BURTON & THURMAN, P.C.**

/s/ Brian J. Porter
Brian J. Porter
*Attorneys for Plaintiff Stephen W. Rupp,*
*as Trustee of the Chapter 7 Bankruptcy*
*Estate of Amanda D. Montes*